Jeanne L. Zimmer (SBN 123321)
Zimmerj@cmtlaw.com
J. Grace Felipe (SBN 190893)
Felipeg@cmtlaw.com
CARLSON & MESSER LLP
5959 W. Century Blvd., Suite 1214
Los Angeles, CA 90045
(310) 242-2200 Telephone
(310) 242-2222 Facsimile

Attorneys for Defendant,
ESCALLATE, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Joscelin B. Thomas,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>ESCALLATE, LLC,<br><br>　　　　　Defendant. | CASE NO. 2:12-cv-02053-ODW-SP<br><br>**ANSWER TO COMPLAINT** |

## **ANSWER TO COMPLAINT**

Defendant ESCALLATE, LLC (hereinafter "Defendant") hereby answers the Complaint of Plaintiff JOSCELIN B. THOMAS ("Plaintiff") as follows:

## **INTRODUCTION**

1.　Defendant admits that Plaintiff has brought an action asserting claims under the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692, *et seq.*; the Rosenthal Fair Debt Collection Practice Act ("RFDCPA") California Civil Code § 1788; and the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681, *et seq.*; however, Defendant denies any wrongdoing whatsoever.

///

## JURISDICTION AND VENUE

2. Defendant denies the allegations in Paragraph 2 of Plaintiff's Complaint as they constitute a legal conclusion.

3. Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 3 of Plaintiff's Complaint, and therefore, denies the same at the present time.

## PARTIES

4. Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 4 of Plaintiff's Complaint, and therefore, denies the same at the present time.

5. Defendant admits the address identified in Paragraph 5 of Plaintiff's Complaint. Except as specifically admitted, Defendant denies the allegation in Paragraph 5 of Plaintiff's Complaint.

## FACTUAL ALLEGATIONS

6. Defendant admits that Plaintiff is an adult person. Defendant denies the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint as they constitute legal conclusions.

7. Defendant admits that it attempted to collect on a debt from Plaintiff. Defendant denies the remaining allegations in Paragraph 7 of Plaintiff's Complaint as they constitute legal conclusions.

8. Answering Paragraph 8 of Plaintiff's Complaint, Defendant admits that in certain circumstances it may be considered a "debt collector" under the FDCPA and RFDCPA. However, Defendant denies the allegations contained in Paragraph 8 of Plaintiff's Complaint as they constitute legal conclusions.

9. Defendant denies the allegation in Paragraph 9 of Plaintiff's Complaint, as it constitutes a legal conclusion.

///
///

10. The allegations in Paragraph 10 of Plaintiff's Complaint are vague, ambiguous, uncertain and unintelligible. Defendant also lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 10 of Plaintiff's Complaint, and therefore, denies the same at the present time.

11. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 11 of Plaintiff's Complaint, and therefore, denies the same at the present time.

12. Defendant denies the allegation in Paragraph 12 of Plaintiff's Complaint.

13. Defendant denies the allegation in Paragraph 13 of Plaintiff's Complaint.

14. Defendant denies the allegations in Paragraph 14 of Plaintiff's Complaint.

15. Defendant denies the allegation in Paragraph 15 of Plaintiff's Complaint.

16. Defendant denies the allegation in Paragraph 16 of Plaintiff's Complaint.

17. Defendant denies the allegation in Paragraph 17 of Plaintiff's Complaint.

18. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 18 of Plaintiff's Complaint, and therefore, denies the same at the present time.

19. Defendant denies the allegation in Paragraph 20 of Plaintiff's Complaint, as it constitutes a legal conclusion.

20. Defendant denies the allegation in Paragraph 20 of Plaintiff's Complaint.

21. Defendant denies the allegation in Paragraph 21 of Plaintiff's Complaint.

22. Defendant admits that Plaintiff sent Defendant a letter dated February 29, 2012. Except as specifically admitted herein, Defendant denies the allegations in Paragraph 22 of Plaintiff's Complaint.

## COUNT I

## VIOLATION OF THE FCDPA 15 U.S.C. § 1692

### By ESCALLATE

23. Defendants incorporates by reference its responses to Paragraphs 1 through 22, above as if set forth herein.

24. Defendant denies the allegation in Paragraph 24 of Plaintiff's Complaint, as it constitutes a legal conclusion.

25. Defendant denies the allegation in Paragraph 25 of Plaintiff's Complaint, as it constitutes a legal conclusion.

26. Defendant denies the allegation in Paragraph 26 of Plaintiff's Complaint.

27. Defendant denies the allegation in Paragraph 27 of Plaintiff's Complaint.

28. Defendant denies the allegation in Paragraph 28 of Plaintiff's Complaint.

29. Defendant denies the allegation in Paragraph 29 of Plaintiff's Complaint.

30. Defendant denies the allegation in Paragraph 30 of Plaintiff's Complaint.

31. Defendant denies the allegation in Paragraph 31 of Plaintiff's Complaint, as it constitutes a legal conclusion.

32. Defendant denies the allegation in Paragraph 32 of Plaintiff's Complaint.

33. Defendant denies the allegation in Paragraph 33 of Plaintiff's Complaint.

34. Defendant denies the allegation in Paragraph 34 of Plaintiff's Complaint.

## **CLAIM FOR RELIEF**

Defendant denies that Plaintiff is entitled to a judgment in her favor, and Defendant further denies that Plaintiff is entitled to recover any relief whatsoever.

///

///

///

## COUNT II

## VIOLATION OF THE ROSENTHAL CAL. CIVIL CODE § 1788 *et seq.*

### By ESCALLATE

35. Defendants incorporates by reference its responses to Paragraphs 1 through 22, above as if set forth herein.

36. Defendant denies the allegation in Paragraph 36 of Plaintiff's Complaint, as it constitutes a legal conclusion.

37. Defendant denies the allegation in Paragraph 37 of Plaintiff's Complaint, as it constitutes a legal conclusion.

38. Defendant denies the allegation in Paragraph 38 of Plaintiff's Complaint.

39. Defendant denies the allegation in Paragraph 39 of Plaintiff's Complaint.

40. Defendant denies the allegation in Paragraph 40 of Plaintiff's Complaint.

41. Defendant denies the allegation in Paragraph 41 of Plaintiff's Complaint.

42. Defendant denies the allegation in Paragraph 42 of Plaintiff's Complaint.

43. Defendant denies the allegation in Paragraph 43 of Plaintiff's Complaint.

44. Defendant denies the allegation in Paragraph 44 of Plaintiff's Complaint.

45. Defendant denies the allegation in Paragraph 45 of Plaintiff's Complaint.

46. Defendant denies the allegation in Paragraph 46 of Plaintiff's Complaint.

///

47. Defendant denies the allegation in Paragraph 47 of Plaintiff's Complaint.

48. Defendant denies the allegation in Paragraph 48 of Plaintiff's Complaint.

## CLAIM FOR RELIEF

Defendant denies that Plaintiff is entitled to a judgment in her favor, and Defendant further denies that Plaintiff is entitled to recover any relief whatsoever.

## COUNT III
## VIOLATION OF THE FCRA 15 U.S.C. § 1692 *et seq*/§ 623
## By ESCALLATE

49. Defendants incorporates by reference its responses to Paragraphs 1 through 22, above as if set forth herein.

50. Defendant denies the allegation in Paragraph 50 of Plaintiff's Complaint, as it constitutes a legal conclusion.

51. Defendant denies the allegation in Paragraph 51 of Plaintiff's Complaint, as it constitutes a legal conclusion.

52. Defendant admits the allegations in Paragraph 52 of Plaintiff's Complaint.

53. Defendant admits the allegations in Paragraph 53 of Plaintiff's Complaint.

54. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 54 of Plaintiff's Complaint, and therefore, denies the same at the present time.

55. Defendant denies the allegations in Paragraph 55 of Plaintiff's Complaint.

56. Defendant denies the allegation in Paragraph 56 of Plaintiff's Complaint.

# CLAIM FOR RELIEF

Defendant denies that Plaintiff is entitled to a judgment in her favor, and Defendant further denies that Plaintiff is entitled to recover any relief whatsoever.

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

1. As a separate, affirmative defense, Defendant alleges that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

2. As a separate, affirmative defense, Defendant alleges that its actions were proper and did not violate any provisions of 15 U.S.C. § 1681 *et seq.*

## THIRD AFFIRMATIVE DEFENSE

3. As a separate, affirmative defense, Defendant alleges that Plaintiff has no private right of action under the Fair Credit Reporting Act.

## FOURTH AFFIRMATIVE DEFENSE

4. As a separate, affirmative defense, Defendant alleges that alleged mental anguish alone does not support damages under the Fair Credit Reporting Act.

## FIFTH AFFIRMATIVE DEFENSE

5. As a separate, affirmative defense, Defendant alleges that Plaintiff's claims are or may be subject to an arbitration agreement requiring said claims to be decided by mandatory and binding arbitration. If so, Defendant reserves its right to seek arbitration under the agreement, which is specifically enforceable pursuant to the Federal Arbitration Act and/or other statutes.

///
///
///
///

## SIXTH AFFIRMATIVE DEFENSE

6. As a separate, affirmative defense, Defendant alleges that at all times mentioned in the Complaint, Defendant acted lawfully and within its legal rights, with a good faith belief in the exercise of that right, and in the furtherance of a legitimate business purpose. Further, Defendant acted in good faith in the honest belief that the acts, conduct and communications, if any, of Defendant were justified under the circumstances based on information reasonably available.

## SEVENTH AFFIRMATIVE DEFENSE

7. As a separate, affirmative defense, Defendant alleges that it did not engage in any conduct that was intentional, knowing, willful, reckless, malicious, wanton or outrageous, and that Defendant at all times acted in good faith with respect to its communications with Plaintiff, if any there were.

## EIGHTH AFFIRMATIVE DEFENSE

8. As a separate, affirmative defense, Defendant alleges that if it is assumed, *arguendo*, that Defendant violated a statute as alleged in Plaintiff's Complaint, which presupposition Defendant denies, such violation was not negligent nor intentional, and resulted from a *bona fide* error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## NINTH AFFIRMATIVE DEFENSE

9. As a separate, affirmative defense, Defendant alleges that Plaintiff's Complaint fails to state a cause of action supporting punitive damages, and that the imposition of such damages would violate Defendant's constitutional rights to due process and equal protection.

///
///
///
///
///

## TENTH AFFIRMATIVE DEFENSE

10. As a separate, affirmative defense, Defendant specifically incorporates by reference all standards and/or limitations regarding the determination and enforceability of punitive damage awards which arose in *BMW v. Gore*, 517 U.S. 559 (1996), *Cooper Industries v. Leatherman Tool Group*, 532 U.S. 424 (2001) and *State Farm v. Campbell*, 538 U.S. 408 (2003).

## ELEVENTH AFFIRMATIVE DEFENSE

11. As a separate, affirmative defense, Defendant alleges that it possessed a permissible purposes pursuant to 15 U.S.C. §1681b of the FCRA in obtaining Plaintiff's consumer report from a consumer reporting agency.

## TWELFTH AFFIRMATIVE DEFENSE

12. As a separate, affirmative defense, Defendant alleges that a consumer reporting agency may furnish a consumer report to a person "who intends to use the information in connection with a credit transaction involving the consumer on whom the information is being furnished and involving the extension of credit to, or review or collection of an account of the consumer." 15 U.S.C. §1681b(a)(3)(A).

## THIRTEENTH AFFIRMATIVE DEFENSE

13. As a separate, affirmative defense, Defendant alleges that a debt collector has a permissible purpose to obtain a consumer report for the purpose of collecting a consumer's debt.

## FOURTEENTH AFFIRMATIVE DEFENSE

14. As a separate, affirmative defense, Defendant alleges Plaintiff's claims are, or may be, barred because the claimed injuries and damages, if any, were or may have been caused by the conduct of third parties, including, but not limited to, the prior, intervening, or superseding conduct of third parties.

///
///
///

07060.00:182884

ANSWER TO COMPLAINT
CASE NO. 2:12-cv-02053-ODW-SP

## FIFTEENTH AFFIRMATIVE DEFENSE

15. As a separate, affirmative defense, Defendant alleges Plaintiff's claims are, or may be, barred by Plaintiff's own conduct, actions, omissions and inaction which amount to and constitute a waiver of such claims and relief sought thereby.

## SIXTEENTH AFFIRMATIVE DEFENSE

16. As a separate, affirmative defense, Defendant alleges Plaintiff's claims are, or may be, barred because the claimed injuries and damages were not proximately caused by any acts or omissions of Defendant.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17. As a separate, affirmative defense, the Complaint, and each cause of action alleged therein against Defendant are barred by the conduct, actions and inactions of Plaintiff, which amount to and constitute an estoppel of the claims and any relief sought by the Complaint.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18. As a separate, affirmative defense, Defendant alleges, to the extent that Plaintiff claims to have suffered damages, which is disputed by Defendant, Plaintiff has failed to mitigate any such claimed damages.

## NINETEENTH AFFIRMATIVE DEFENSE

19. As a separate, affirmative defense, Defendant alleges that federal law preempts some or all of Plaintiff's claims and causes of action, and said claims and causes of action are therefore barred as a matter of law.

## TWENTIETH AFFIRMATIVE DEFENSE

20. As a separate, affirmative defense, Defendant alleges that a *pro per* plaintiff cannot recover attorneys' fees under the Fair Debt Collection Practices Act and the Fair Credit Reporting Act.

///

///

///

10

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21. As a separate, affirmative defense, Defendant alleges that it reserves the right to allege and assert any additional and/or further affirmative defenses as become apparent to Defendant during the course of this litigation.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22. As a separate, affirmative defense, Defendant alleges that it conducted a reasonable investigation into any dispute regarding Plaintiff's claims upon notification by the credit reporting bureaus.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

23. As a separate affirmative defense, Defendant asserts that there is no evidence that a reasonable investigation would have shown that Defendant's credit reporting was inaccurate.

### DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with prejudice, for its attorneys' fees and costs incurred herein, and for such further relief as the Court deems just and equitable.

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Defendant ESCALLATE, LLC demands a jury trial in this case.

DATED: April 9, 2012          CARLSON & MESSER LLP

                              By  /s/ J. Grace Felipe
                                  Jeanne L. Zimmer
                                  J. Grace Felipe
                                  Attorneys for Defendant,
                                  ESCALLATE, LLC